## Case No. 15,017.

### UNITED STATES v. DUVIVIER.

[12 Blatchf. 449.] [2]

Circuit Court, S. D. New York. Feb. 19, 1875.

CUSTOMS DUTIES—WAREHOUSE BOND—REDUCTION IN RATE—SALE—ACTION FOR DEFICIENCY.

1. On the 1st of December, 1866, a warehouse bond was given to the United States, for the payment of the duties then existing, or to be thereafter enacted, on certain brandy. The condition of the bond was, that the obligors should, after the expiration of one year, and before the expiration of three years, from the date of the bond, withdraw the brandy and pay to the collector the amount of the penalty of the bond, or the true amount, when ascertained, of duties imposed by law on the brandy, and an additional sum equal to ten per centum of the said duties. From a date prior to December 1, 1869, until January 1, 1871, the duty on brandy was $3 per proof gallon. By the twenty-first section of the act of July 14, 1870 (16 Stat. 262, 263), which went into effect January 1, 1871, the duty was reduced to $2 per proof gallon. The twenty-sixth section of the same act provided, that all imported goods which might be in bonded warehouses on January 1. 1871, should be subject to no other duty, upon the entry thereof for consumption, than if the same were imported after that day. After January 1, 1871, the brandy was sold at auction by the United States for non-payment of duties, and a suit was brought on the bond to recover the amount of duties due beyond the proceeds of the sale. *Held,* that the proper rate of duty on the brandy was the rate imposed by law at the expiration of three years from the date of the bond, namely, on the 1st of December, 1869, which was $3 per proof gallon, and an additional duty equal to ten per centum thereof.

2. Whether the twenty-sixth section of the act of July 14, 1870, applied to goods which are, by statute, regarded as abandoned to the government, for having remained in warehouse three years without the payment of the duties and charges thereon, quære.

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[This was an action by the United States against Charles A. Duvivier.]

George Bliss, U. S. Dist. Atty., and Edmund H. Smith, Asst. U. S. Dist. Atty.

Stephen G. Clarke and Addison Brown, for defendant.

SHIPMAN, District Judge. This action was upon a warehouse bond, dated December 1, 1866, which was given for the payment of the duties then existing or to be thereafter enacted, upon a large quantity of brandy. The condition of the bond was, that, "if the above bounden principles shall, after the expiration of one year, and before the expiration of three years, from the date aforesaid, so withdraw the same and pay to the said collector the sum aforesaid, or the true amount, when ascertained, of duties imposed by such law thereon, and shall pay an additional sum or duty equal to ten per centum of the said duties, then the bond is to be void." The goods remained in the warehouse until they were sold for non-payment of duties. It was agreed, upon the trial of the case, that, if the jury returned a verdict for the plaintiff, they should find the number of gallons of brandy upon which duty was payable, and that the court should determine, as matter of law, the amount of duty which was properly assessable. The jury found for the plaintiffs, and that there was due upon the bond the amount of duty upon 223 gallons, less the amount which had been realized from the auction sale of said liquors for non-payment of duties. The sale was after January 1, 1871. Prior to that date, the duty was $3 per proof gallon. By the twenty-first section of the act of July 14, 1870 (16 Stat. 262, 263), which went into effect January 1, 1871, the duty upon brandy was reduced to $2 per proof gallon. The twenty-sixth section of the same act (16 Stat. 269), provided, that all imported goods which might be in bonded warehouses on January 1, 1871, should be subject to no other duty, upon the entry thereof for consumption, than if the same were imported after that day.

The question is, whether, the goods having been in warehouse since December 1, 1866, when the act of July 14, 1870, went into effect, and having been sold thereafter for non-payment of duties, the proper amount which was due upon the bond was $2 per gallon, or the pre-existing duty. The defendant, at the time of the importation of the brandy, desired credit, and gave security which was satisfactory to the government, for the payment of the duties within three years. The condition of the bond was, that if, before the expiration of three years from its date, he should pay the true amount of duties imposed by law, and an additional sum equal to ten per cent. of the said duties, the bond was to be void. The duty of the obligor was to pay before the expiration of three years from the date of this bond. If the duties were not then paid, the condition of the bond

was thereupon broken, and the principal was in default, and, with his sureties, was thereupon liable upon the bond to pay to the government the amount of unpaid duties which were then due. The amount to be paid was the amount due at the time of default, with interest.

Goods which remain in warehouse beyond three years, without payment of duties and charges thereon, are, by statute, regarded as "abandoned to the government." I am not certain that the twenty-sixth section of the act of July 14, 1870, was applicable to goods which, having remained in warehouse more than three years, had been, in contemplation of law, abandoned to the government. But, a decision of that question is not required in the present case. It is not material to ascertain what was the amount of duty which was due upon the goods on January 1, 1871. In an action to recover the amount due upon this bond, it is material to ascertain what was the amount of money which, by the bond, the obligor promised to pay. That amount was the amount of duties existing at the date of the bond, or to be thereafter enacted, prior to the expiration of three years, with the addition of ten per cent. in case the goods were not withdrawn until after the expiration of one year.

Judgment should be entered upon the verdict according to these principles